IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

DANIEL BENJAMIN BLAN, #191 430 *

    Petitioner, *

    v. *     2:06-CV-489-MEF
                                     (WO)

WARDEN CULLIVER, *et al*., *

    Respondents. *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Daniel Blan ["Blan"], a state inmate, on May 26, 2006. In this petition Blan challenges his conviction for capital murder entered against him by the Circuit Court for Coosa County, Alabama, on February 6, 1997. The trial court sentenced Blan to a term of life imprisonment without the possibility of parole for this conviction. By operation of law, Blan's conviction became final in April 1998.

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[1] Respondents contend that because

---

[1] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

Blan's conviction became final in April 1998 -- **after** the effective date of the statute of limitations -- he must have filed his § 2254 petition within a year of this conviction becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. Respondents concede that Blan filed a state post-conviction petition on October 9, 1997. They maintain, however, that even allowing a tolling of the limitation period during the pendency of this Rule 32 petition, the limitation period expired prior to Blan filing the present federal habeas petition. (*Doc. No. 9 at 5-7.*); *see also Webster v. Moore*, 199 F.3d

Based on Respondents' argument, the court entered an order advising Blan that he had failed to file the present federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). (*Doc. No. 10.*) The order also gave Blan an opportunity to show cause why his petition should not be barred from review by this court. (*Id.*) Blan filed his response on October 13, 2006. (*Doc. No. 11.*) In his response, Blan argues that he is actually innocent of the crime for which he was convicted inasmuch as his conviction was based solely on the testimony of a convicted felon to whom Blan allegedly confessed his involvement in the crime, and that newly discovered evidence shows that he is actually innocent of the crime of capital murder because the "actual admitted killer . . . stated [to a cellmate] that he acted alone in the murder and that he did not know petitioner nor what petitioner looked like." (*Id. at 2 and Exh. A.*).

## I. DISCUSSION

*A. Actual Innocence*

This court must determine whether Blan has demonstrated his actual innocence before addressing Respondents' assertion that the instant petition is barred by the statute of limitations. *See Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000).

In *Schlup v. Delo*, 513 U.S. 298 (1995), the Supreme Court held:

> To be credible, . . . a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Id.* at 324.

Here, the court finds that Blan presents only self-serving and conclusory allegations that he is actually innocent, arguing that his conviction is the result of tainted trial testimony and that newly discovered evidence exists which demonstrates that his co-defendant confessed to the crime to a cell-mate and allegedly stated that Blan was not involved in the murder. Blan's arguments constitute claims of legal insufficiency rather than factual innocence.[2] *See Bousley v. United States*, 523 U.S. 614, 622 (1998). "To establish actual

---

[2] Blan presented his "newly discovered evidence" claim in his Rule 32 proceedings. Following an evidentiary hearing, the trial court, in its September 17, 2003 order denying relief, noted, in part, that "Blan . . . produced no admissible testimony in support of [his newly discovered evidence] claim. There is no reason to suppose that if the inadmissible, and highly suspect statement of a prison cellmate of Blan's that [Tony] Quince had supposedly claimed that Blan was not involved in the murder, that the

innocence, petitioner must demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* at 623 (citations and internal quotations omitted).

Blan has submitted no "new reliable evidence" to support his claims so as to meet the standard set forth by *Schlup*. His mere contention that he is actually innocent of the crime of his conviction is not supported by the record or any credible evidence. The court, therefore, concludes that Blan has failed to demonstrate his actual innocence.

*B. Statute of Limitations*

  *i. Statutory Tolling*

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgments expires. Blan was convicted of capital murder by the Circuit Court for Coosa County, Alabama, on February 6, 1997 and sentenced on this date to imprisonment for life without the possibility of parole. Blan's motion for new trial was denied on June 19, 1997. On June 24, 1997 Blan filed a motion for an appeal and on July 31, 1997 notice of appeal was filed with the Alabama Court of Criminal Appeals. On January 30, 1998 the

---

result of the proceedings would have been any different." (*Doc. No. 9, Exh. 2B at 15*.) The Alabama Court of Criminal Appeals affirmed the decision of the lower court. In doing so, the appellate court determined that Blan's newly discovered evidence claim was more appropriately characterized as a "newly disclosed evidence" claim inasmuch as the information imparted by the cellmate in a post-trial deposition was already known to Blan and his trial counsel at the time of his trial, *i.e.*, that Quince had made no mention of Blan when he admitted to undercover law-enforcement officers that he had killed the victim. (*See Doc. No. 9, Exh. 3A at 2-7.*)

Alabama Court of Criminal Appeals affirmed his conviction. The appellate court denied Blan's application for rehearing on March 6, 1998. Blan did not further appeal his conviction and the certificate of judgment was, therefore, entered on March 24, 1998.[3] *(Doc. No. 9, Exhs. 1A, 1B, 3A.)* Since Blan failed to seek relief from the Alabama Supreme Court, he was not entitled to file a petition for certiorari with the United States Supreme Court and the time for seeking direct review of the 1997 conviction, therefore, lapsed upon expiration of the time for filing a petition for writ of certiorari with the Alabama Supreme -- fourteen days from the denial of the motion for rehearing. Rule 39(b), *Alabama Rules of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by such state court). Thus, Blan's capital murder conviction became final on April 7, 1998.

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Blan filed a Rule 32 petition in the trial court on October 9, 1997 while his direct appeal was still pending. On November 20, 1997 the trial court, at the direction of the

---

[3] Where further action is not undertaken upon denial of the application for rehearing, the certificate of judgment issues eighteen (18) days after entry of the order denying the application.

Alabama Court of Criminal Appeals, issued an order staying all action on Blan's post-conviction petition pending disposition of his direct appeal. As noted, Blan's direct appeal proceedings became final on April 7, 1998. On September 17, 2003 the trial court denied Blan's Rule 32 petition, as amended, in its entirety. The Alabama Court of Criminal Appeals affirmed the lower court's judgment on September 24, 2004 and overruled Blan's application for rehearing on October 15, 2004. The Alabama Supreme Court denied Blan's petition for writ of certiorari on December 10, 2004. The Alabama Court of Criminal Appeals issued a certificate of judgment on December 13, 2004. Thus, when Blan's post-conviction proceedings became final on December 13, 2004, he had 365 days of the applicable limitation period remaining within which to file a federal habeas petition. The court, therefore, concludes that the time allowed Blan for the filing of a federal habeas petition expired on December 13, 2005. (*Doc. No. 9, Exhs. 2A, 2B, 3A-3D, 4.*)

    *ii. Equitable Tolling*

The limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Helton v. Sec'y for Dep't of Corr.,* 259 F.3d 1310, 1312 (11th Cir.2001); *Jones v. United States,* 304 F.3d

1035, 1039-40 (11th Cir. 2002); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Id.* at 1286.

The court has reviewed Blan's response to the court's order that he show cause why his petition should not be denied and dismissed as barred by one-year limitation period. Based on this review, the undersigned concludes that Blan has failed to set forth any basis for either equitable or statutory tolling of the limitation period until he filed this cause of action. There is no evidence in the record tending to show that Blan's delay in filing the instant § 2254 petition was the result of extraordinary circumstances that were both beyond his control and unavoidable with the exercise of diligence. Because Blan has failed to set forth the existence of "extraordinary circumstances" which prevented the filing of a timely habeas petition, *see Drew*, 297 F.3d at 1290; *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000), he is not entitled to equitable tolling of the limitation period.

## II.  CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Daniel Blan be DENIED and DISMISSED with prejudice as time-barred.

It is further

ORDERED that the parties shall file any objections to the said Recommendation on

or before December 27, 2007. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 12th day of December, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE